Pablo FELIZ, Plaintiff–Appellant,

v.

Edward TAYLOR, Jr., Defendant–Appellee.

No. 02–1364.

United States Court of Appeals, Sixth Circuit.

Oct. 1, 2002.

**4**

Before KENNEDY and MOORE, Circuit Judges; and DOWD, District Judge.*

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

This is an appeal from a summary judgment for the defendant in this prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michigan inmate Pablo X. Feliz filed a civil rights action against a prison chaplain (Edward Taylor, Jr.) for monetary damages and other relief for the chaplain's having allegedly retaliated against Feliz after Feliz exercised his First Amendment rights. The matter was referred to a magistrate judge and Taylor moved for summary judgment. The magistrate judge recommended that summary judgment should be granted for Taylor on the merits and, alternatively, on grounds of qualified immunity. The district court adopted the recommendation over Feliz's objections and this appeal followed.

█ Feliz raises two issues of law in his appeal from the grant of summary judgment, namely, that his conduct was protected by state and federal "whistle blower" statutes and that Taylor was not entitled to qualified immunity. Only the immunity argument, however, was presented to the district court. This court reviews a grant of summary judgment de novo on the issue presented to the district court. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1176–77 (6th Cir.1996). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, to-

gether with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). An examination of the record and law supports the district court's judgment on the merits of the action without regard to whether Taylor was entitled to qualified immunity. The argument that Feliz enjoyed statutory "whistle blower" protection, not having been presented to the district court, should not be considered on appeal. *See, e.g., Enertech Elec. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996).

The crux of this complaint is Feliz's insistence that he lost his prison job as Taylor's file clerk in retaliation for Feliz's having exercised his First Amendment rights to file prison grievances with and reveal certain details of his job to a prison guard. Feliz was acting as Taylor's file clerk at the Lakeland [Michigan] Correctional Facility on February 26, 1999, when Taylor directed Feliz to dispose of certain filed documents. Feliz and Taylor differ as to what documents Feliz was to discard. Feliz claims that he was told to dispose of all documents that were more than two months old; Taylor maintains he told Feliz to dispose of all documents over one year old but to save the remainder. Feliz apparently proceeded to act on his own interpretation. When he received a staff request for a recently-filed, but mistakenly-destroyed, document, he sent a note to Taylor telling him that the document had been destroyed according to Taylor's instructions. A prison guard saw the note, made a copy, and took it to an internal inspector. All parties subsequently met. On March 17, 1999, Taylor issued an unfavorable work evaluation of Feliz but did not request a new clerk.

Feliz filed the first of his formal grievances in this matter on March 24, 1999.

Feliz contended that the unfavorable evaluation was in direct retaliation for Feliz having disclosed to the guard and inspector Taylor's order to dispose of old documents. In this grievance, Feliz sought to be transferred from his position as Taylor's file clerk. Feliz filed another grievance on April 21, 1999, directed to Taylor's alleged discriminatory treatment of Jewish and Muslim inmates. On April 22, 1999, Taylor orally informed Feliz that he was being relieved of his position as clerk. Felix filed a third grievance in response the next day, and Taylor officially requested a new clerk on April 26, 1999.

Feliz filed the present complaint on October 1, 1999, in which he sought damages and other relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. There is no mention of any state or federal "whistle blower" statute in the complaint or in any responsive pleading filed by Feliz. Taylor eventually moved for summary judgment on the merits of the claim as well as on a qualified immunity theory. The magistrate judge to whom the matter was referred recommended granting the motion on all grounds, and Feliz filed objections to this recommendation. Feliz specifically objected to the conclusion that there was no causal connection between the exercise of his First Amendment rights and the loss of his prison job and to the conclusion that Taylor was entitled to qualified immunity. The district court reviewed the objections and adopted the report and recommendation.

On appeal, Feliz assigns two issues for review. First, Feliz contends that the district court erred in not finding Feliz to have been protected by state and federal "whistle blower" statutes.

Was the activity for which plaintiff was fired protected activity under both the Michigan and federal whistle-blower'

**6**

protection acts. MCL 15.361; 42 USCA 9610; 42 USCA 7622; 29 USCA 660? In addition, Feliz contends that the district court erred in concluding that Taylor was entitled to qualified immunity for his actions.

■ The record and law support the district court's conclusion that Taylor was entitled to summary judgment, as Feliz's evidentiary material did not show a jury question of retaliation. Feliz claimed that he lost his prison job because he 1) grieved his unfavorable job evaluation, and 2) disclosed Taylor's document-disposal instructions to a prison guard and inspector. In order to state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). It is apparent that there was no causal connection between Feliz's first grievance and the initial unfavorable evaluation because the evaluation preceded the grievance by one week. In addition, the uncontradicted evidentiary material of record shows that the April 22, 1999, meeting was marked by Feliz being confrontational and *demanding to be reassigned to another prison job*. Although Feliz asserts that the defendant's actions were in retaliation for the grievances and disclosure of the document-disposal orders, he presents no facts to support this assertion beyond his conclusory allegations. Such conclusory allegations are insufficient to show that the defendants were motivated by the exercise of Feliz's First Amendment rights, *see Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996), and bare allegations of malice on Taylor's part are not enough to establish retaliation

claims against him. *See Crawford–El v. Britton*, 523 U.S. 574, 588, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). Feliz's failure to show any factual support for his retaliation claim or to bring his "whistle blower" claims to the district court, *Enertech Elec.*, 85 F.3d at 261, means that the district court's judgment must be affirmed.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.